UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA PEARL SCOTT,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C17-5349-RSM-MAT

REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Barbara Pearl Scott proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1957.[1] She completed the ninth grade and previously worked

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

as a newspaper bundler, cashier, retail salesperson, server, and mail sorter. (AR 43, 58.)

Plaintiff protectively filed a DIB application in December 2012, alleging disability beginning March 23, 2009. (AR 156.) Plaintiff remained insured for DIB through December 31, 2011 and was required to establish disability on or prior to that "date last insured" (DLI). *See* 20 C.F.R. §§ 404.131, 404.321. Her application was denied initially and on reconsideration.

On May 20, 2015, ALJ Robert F. Campbell held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 35-62.) On August 17, 2015, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the DLI. (AR 19-30.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on March 7, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date through the DLI. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's osteoarthritis of the back, left knee, and shoulder, diabetes, obesity, and depression severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with the following limitations: occasional climbing ramps and stairs, kneeling, stooping, crouching, or crawling; simple, routine work; and superficial contact with supervisors, coworkers, and the public. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a mail sorter.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Having found plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers the ALJ erred at step four and in assessing medical opinions. She requests remand for an award of benefits. The Commissioner denies error in relation to one medical opinion, but otherwise concedes the errors alleged. The Commissioner maintains the appropriate

remedy is a remand for further administrative proceedings.

## Medical Opinion of Dr. Justine Williams

Consultative examiner Dr. Justine Williams conducted a psychological examination of plaintiff in July 2011. (AR 289-95.) She assessed a Global Assessment of Functioning (GAF) rating of 55, indicating moderate symptoms or moderate difficulty in social, occupational, or school functioning, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) (DSM-IV-TR),[2] and noted major impairment in memory and some impairment in concentration shown in the mental status examination. (AR 294-95.) Dr. Williams opined plaintiff would have difficulty doing some simple and repetitive work, but might be able to work on a less than full time basis with some accommodations and if "very cognitively simple and very repetitive[.]" (*Id.*) Plaintiff could not perform complex or detailed work and had some impaired ability to get along with coworkers. While "currently working on how to handle stress on a daily basis," it would be too difficult for plaintiff to handle work stress and the stress of being around other employees. (*Id.*) She could maintain regular attendance without interference from her depression "as she actually would like a job and has applied for jobs, though has not gotten any callbacks." (*Id.* ("I think that she would make an effort and that is a strength of hers.")) Finally, plaintiff would need a job "where she is not working closely with others and . . . not working with the public, or she would likely not keep her job for very long[.]" (*Id.*)

The ALJ gave Dr. Williams' opinion little weight. He found other medical opinions better

---

[2] The most recent version of the DSM does not include a GAF rating for assessment of mental disorders. DSM-V at 16-17 (5th ed. 2013). While the Social Security Administration (SSA) continues to receive and consider GAF scores from "acceptable medical sources" as opinion evidence, a GAF score cannot alone be used to "raise" or "lower" someone's level of function, and, unless the reasons behind the rating and the applicable time period are clearly explained, it does not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis. Administrative Message 13066 ("AM-13066").

supported by the objective medical evidence, and plaintiff not as limited as assessed by Dr. Williams. (AR 28.) The ALJ noted the opinion was "based on a one-time evaluation" and appeared to rely heavily on plaintiff's subjective statements of her functional abilities, while her report of her activities of daily living to consultative examiner Dr. Bassell Beitinjaneh suggested she is "much more capable" than portrayed to Dr. Williams. (*Id*.)

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where contradicted by another physician, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The undersigned, for the reasons set forth below, finds the evidence to reasonably support the ALJ's decision and the ALJ's interpretation of the evidence rational.

The ALJ first reasonably considered the existence of other medical opinions better supported by the objective medical evidence. Non-examining State agency psychological

consultants Dr. Bill Hennings and Dr. Dorothy Anderson, in March and October 2013 respectively, found plaintiff able to understand and carry out short and simple, one- and two-step instructions, but having difficulty with more complex/detailed tasks; able to maintain attention and concentration to simple, routine tasks over a regular work day/week, but not able to consistently maintain focus on more complex, detailed tasks; limited in close, general public interaction, but otherwise able to get along in a casual, routine social basis; and capable of performing predictable work routines. (AR 85-87, 98-100.) The ALJ noted these physicians' training in evaluating Social Security disability claims and found their opinions reasonable, well-supported, and generally consistent with the psychological consultative evaluation and mental health treatment examination findings. (AR 29.)

As plaintiff observes, the opinion of a nonexamining physician cannot by itself constitute substantial evidence justifying the rejection of the opinion of an examining physician. *Lester*, 81 F.3d at 831. However, "the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). *See also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'") (quoting *Magallanes*, 881 F.2d at 752) (emphasis in original). Also, and as recognized by the ALJ, non-examining State agency medical and psychological consultants are highly qualified and experts in the evaluation of Social Security disability claims and, while not binding, their opinions must be considered. 20 C.F.R. § 404.1513a(b)(1).

In declining to accept plaintiff's testimony as to the degree of her limitation, the ALJ found, *inter alia*, the medical record to reflect mild depression symptoms and treatment generally

effective in controlling symptoms. (AR 26-28.) Plaintiff does not challenge this assessment and the ALJ's rational interpretation of the record, in conjunction with the opinions of Drs. Hennings and Anderson, provides substantial evidence support for the rejection of Dr. Williams' opinion.

The mere fact Dr. Williams examined plaintiff on one occasion would not, standing alone, suffice as an additional specific and legitimate reason for rejecting the opinion. A consultative examination is, by its very nature, a one-time examination, and the record in this case contained medical opinions only from one-time examiners and non-examining physicians.

The ALJ did not, however, consider the nature of this "one-time" examination in isolation. He considered that fact in conjunction with a perception the evaluation reflected heavy reliance on plaintiff's subjective reporting as to functional abilities, contrasted with reporting of greater capability to consultative examiner Dr. Bassell Beitinjaneh. An ALJ may reject a physician's opinion if based "to a large extent" on a claimant's properly discredited self-reports and not on clinical evidence, *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014), and with consideration of inconsistencies between physicians' reports, *Morgan*, 169 F.3d at 603, and with a claimant's level of activity, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The evidence in this case provides substantial evidence support for the ALJ's decision. (*See* AR 295 (Dr. Williams pointed solely to plaintiff's reporting as the basis for social limitations, and appeared to rely on subjective reporting in relation to handling stress and maintaining attendance); *compare* AR 285 (Dr. Beitinjaneh (May 2011): "She lives with her boyfriend. She does all the housework, cooking, cleaning, sweeping, and mopping. She does the dishes. She goes grocery shopping once a month. She reported being able to walk for 1-1/2 blocks."), *with* AR 292 (Dr. Williams (July 2011): "[S]he gets up around 10:00 [a.m.], eats breakfast, and tries to clean up, and then her back will usually start hurting, so she will go back to bed and watch TV or read."; she can shop as long

REPORT AND RECOMMENDATION
PAGE - 7

as she has a cart, uses a stool to do dishes, cook, and get in and out of the tub, can dress herself, has some difficulty putting on socks and shoes and getting up without help or leverage when squatting, and her roommate/companion reminds her to take medications).)

The Court, in sum, does not find reversible error in the consideration of the opinion of Dr. Williams. The ALJ need only reconsider this opinion as necessitated by further proceedings on remand. However, if the ALJ again rejects the opinion of Dr. Williams, he should take the opportunity to provide additional specificity and clarity as to the reasons for that decision.

## Remand

The parties agree the ALJ erred in the step four conclusion as to past relevant work. Specifically, the ALJ failed to reconcile an apparent conflict between the Dictionary of Occupational Titles (DOT) description of the mail sorter job, and its requirement of a "Reasoning Level 3," and the RFC limitation to simple, routine work.[3] The parties also agree the ALJ erred in according the greatest weight to the opinions of Drs. Hennings and Anderson, while including a limitation to simple, routine work in the RFC, rather than the assessed limitation to "short and simple instructions (1-2 step)." (AR 26, 85, 98-99.) The Commissioner concedes, as a result of the above, error in the RFC assessment. Although not addressed by either party, it also appears the ALJ failed to address lay statements provided by plaintiff's common law spouse/companion. (*See* AR 234-41, 250-57.)

---

[3] Reasoning Level 1 jobs require the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C. Reasoning Level 2 jobs require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id*. Reasoning level 3 work requires that an individual: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id*.

REPORT AND RECOMMENDATION
PAGE - 8

With a finding of reversible error, the Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). A remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler*, 775 F.3d at 1099).

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id.* In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id.* (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).[4] *See also Treichler*, 775 F.3d at 1101, 1105 (the Court considers the existence of outstanding issues *before* considering whether to credit a claimant's testimony or a medical opinion as a matter of law; "Third, if we conclude that no outstanding issues remain and further proceedings would not be useful, we . . . [find] the relevant testimony credible as a matter of law, and then determine whether the record,

---

[4] It should be noted that, although not applicable to the ALJ's August 2015 decision, the SSA revised its regulations regarding the consideration of medical opinions with the intent "to make it clear that it is never appropriate under our rules to 'credit-as-true' any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 at 5858-60 (January 18, 2017) (regulation changes effective March 27, 2017). The SSA further clarified that the "credit-as-true rule" is "inconsistent with the general rule that, when a court finds an error in an administrative agency's decision, the proper course of action in all but rare instances is to remand the case to the agency for further proceedings." *Id.*

REPORT AND RECOMMENDATION
PAGE - 9

taken as a whole, leaves "'not the slightest uncertainty as to the outcome of [the] proceeding[.]'") (citations omitted).

Finally, even with satisfaction of the three requirements, the Court retains "'flexibility'" in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021). The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*. As stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Id.* at 495 (quoted sources omitted). *Accord Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

In arguing in favor of an award of benefits, plaintiff points to the ALJ's failure to provide legally sufficient reasons for not adopting the limitation to short and simple, one-to-two step instructions assessed by Drs. Hennings and Anderson. She states this credible limitation limits her to Reasoning Level 1 occupations and precludes her performance of her Reasoning Level 3 past relevant work. *See Zavalin v. Colvin*, 778 F.3d 842, 846-48 (9th Cir. 2015) (finding apparent, unresolved conflict between RFC limitation to simple, repetitive tasks and Level 3 work). *See also Rounds v. Comm'r, SSA*, 807 F.3d 996, 1003-04 & n.6 (9th Cir. 2015) (finding apparent, unresolved conflict between RFC limitation to "1 to 2 step tasks" and Reasoning Level 2 jobs;

REPORT AND RECOMMENDATION
PAGE - 10

distinguishing one-to-two step task restriction from restriction to "'simple'" or "'repetitive'" tasks). Plaintiff contends the absence of a step five finding "indicates that the Commissioner's position is that there are no other occupations existing in significant numbers" she could perform. (Dkt. 11 at 8.)

As argued by the Commissioner, this matter is properly remanded for further administrative proceedings. It is, as an initial matter, not entirely clear the ALJ failed to sufficiently account for the opinions of Drs. Hennings and Anderson in the RFC. The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." Social Security Ruling (SSR) 96-5P. *Accord* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, SSA*, 807 F.3d 996, 1006 (9th Cir. 2015). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician. *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). In this case, Drs. Hennings and Anderson assessed a limitation to understanding and carrying out "short and simple instructions (1-2 step)" in considering plaintiff's understanding and memory, and a limitation to "simple routine tasks" in considering her sustained concentration and persistence. (AR 85-86, 98-99.) A remand would allow for the ALJ's consideration and further explanation as to the RFC limitation to "simple routine work" (AR 26) and the limitations as assessed by Drs. Hennings and Anderson.

There is, moreover, no support for the inference drawn by plaintiff regarding step five. The ALJ did not take testimony from the VE as to plaintiff's ability to perform other work and ended the sequential evaluation upon finding plaintiff able to perform past relevant work at step four.

Having reached that conclusion, the ALJ was not required to proceed to step five. *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) ("The [step four] determination made it unnecessary for the ALJ to proceed to the fifth step to determine whether he had the [RFC] to perform other work.") The question of whether plaintiff is able to perform other work is an outstanding issue requiring resolution before a disability determination can be made.

Other considerations argue in favor of further proceedings. The record does not clearly allow for a conclusion plaintiff is disabled. Plaintiff does not challenge the ALJ's assessment of her symptom testimony, including consideration of the fact plaintiff had not generally received the type of treatment one would expect for a disabled individual, that the treatment received had been generally successful in controlling symptoms and even improving impairments, numerous occasions on which she did not specify any particular complaint, and inconsistencies in her testimony/reporting, with the objective evidence, and with her daily activities. (AR 26-28.) It should also be noted that the medical record in this case is quite limited, consisting of just under 100 documents in total. (AR 278-377.) A remand would additionally serve the purpose of providing the ALJ the opportunity to specifically address the issue of whether plaintiff could perform the work of a mail sorter as she actually performed that job. (*See* AR 29-30 (ALJ concluded plaintiff could perform the mail sorter job as generally and actually performed); AR 59-60 (VE testified plaintiff could not perform the mail sorter job as actually performed "according to her testimony")); and SSR 82-61 (a claimant may be found not disabled at step four based on a determination she can perform past relevant work as it was actually performed or as it is generally performed in the national economy).

This matter should be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should: (1) reconsider the opinions of

Drs. Hennings and Anderson, as well as any other medical evidence implicated by that reconsideration or warranted upon consideration of this decision or further review of the record; (2) assess any lay testimony of record; (3) reconsider the RFC; (4) reevaluate plaintiff's past relevant work and obtain supplemental VE testimony as warranted; (5) consider plaintiff's ability to perform other work existing in significant numbers in the national economy; (6) identify and resolve any conflicts between VE testimony relied upon and information in the DOT; and (7) issue a new decision.

## **CONCLUSION**

This matter should be REMANDED for further administrative proceedings, conducted in accordance with the directives outlined above.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 17, 2017**.

DATED this 30th day of October, 2017.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 13