1

2

3

4          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5                  AT SEATTLE

6
    BARBARA PEARL SCOTT,
7
                        Plaintiff,                    CASE NO. C17-5349 RSM

8          v.                                         ORDER GRANTING AWARD OF EAJA
                                                      FEES
9   NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,
10
                        Defendant.
11

12                        **I.      INTRODUCTION**

13          This matter comes before the Court on Plaintiff's Motion for Attorney Fees. Dkt. #20. The

14  Commissioner opposes the motion on the basis that the hours requested are unreasonable. Dkt.

15  #22. For the reasons set forth below the Court disagrees with the Commissioner, and GRANTS

16  Plaintiff's motion.

17                        **II.      BACKGROUND**

18          Plaintiff protectively filed a Disability Insurance Benefits ("DIB") application in December

19  2012, alleging disability beginning March 23, 2009. AR 156. Plaintiff remained insured for DIB

20  through December 31, 2011 and was required to establish disability on or prior to that "date last

21  insured" (DLI). *See* 20 C.F.R. §§ 404.131, 404.321. Her application was denied initially and on

22  reconsideration.

23          On August 17, 2015, Robert F. Campbell issued a decision finding plaintiff not disabled

24  from the alleged onset date through the DLI. AR 19-30. Plaintiff timely appealed. The Appeals

1 Council denied plaintiff's request for review on March 7, 2017 (AR 1-6), making the ALJ's

2 decision the final decision of the Commissioner. Plaintiff appealed this final decision of the

3 Commissioner to this Court. Dkt. #3.

4 In response to Plaintiff's Complaint and Opening Brief, the government agreed that the

5 ALJ had erred in a number of ways and that Plaintiff was entitled to judgment. Dkt. #12. However,

6 the government disagreed with Plaintiff on the terms of remand and the remedy – whether the

7 Court should remand the case for further administrative proceedings or for a finding of disability

8 and payment of benefits. *Id.* Plaintiff filed a Reply, asserting that payment of benefits was the

9 appropriate remedy. Dkt. #16.

10 On November 15, 2017, this Court issued an Order reversing the ALJ's decision and

11 remanding for further administrative proceedings rather that for an award of benefits. Dkt. #18.

12 The instant motion followed.

13 **III.    DISCUSSION**

14 The EAJA provides in relevant part:

15 Except as otherwise specifically provided by statute, a court shall award to a
   prevailing party other than the United States fees and other expenses, in
16 addition to any costs awarded pursuant to subsection (a), incurred by that
   party in any civil action (other than cases sounding in tort), including
17 proceedings for judicial review of agency action, brought by or against the
   United States in any court having jurisdiction of that action, unless the court
18 finds that the position of the United States was substantially justified or that
   special circumstances make an award unjust.

19
20 28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must

21 be a "prevailing party"; (2) the government's position must not have been "substantially

22 justified"; and (3) no "special circumstances" must exist that make an award of attorney fees

23 unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S.

24 Ct. 2316, 110 L. Ed. 2d 134 (1990).

1    The United States Supreme Court has held that "the fee applicant bears the burden of

2    establishing entitlement to an award and documenting the appropriate hours expended." *Hensley*

3    *v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  The government has

4    the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*,

5    592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 563 U.S. 991, 131 S. Ct. 2443, 179 L.Ed.2d

6    1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th

7    Cir. 1995)).  Further, if the government disputes the reasonableness of the fee, then it also "has a

8    burden of rebuttal that requires submission of evidence to the district court challenging the

9    accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in

10   its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations

11   omitted).  The Court has an independent duty to review the submitted itemized log of hours to

12   determine the reasonableness of hours requested in each case.  *See Hensley, supra*, 461 U.S. at

13   433, 436-37.

14       In this case, Defendant does not dispute that Plaintiff is entitled to an award of fees.  Dkt.

15   #22 at 2.  Instead, Defendant objects to the reasonableness of the fees requested, "in light of

16   Plaintiff's refusal to accept Defendant's settlement offer and her unsuccessful attempt to litigate

17   for greater relief than was offered by Defendant." *Id.*  Therefore, all that remains for this Court

18   is to determine the amount of a reasonable fee.  *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461

19   U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash.

20   2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).  Once the court determines

21   that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be

22   determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7.  According to

23   the U.S. Supreme Court, "the most useful starting point for determining the amount of a

24

1  reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

2  reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

3        Defendant objects to the 2.6 hours of time (totaling $509.47) that Plaintiff's counsel spent

4  on her Reply brief, in which Plaintiff argued that remand for a payment of benefits rather than

5  for further administrative proceedings was appropriate. Dkt. #22 at 3. The primary basis for

6  Defendant's objection is that Plaintiff did not obtain substantial improvement in her position by

7  turning down Defendant's settlement offer "which necessitat[ed] Defendant's motion to

8  remand." *Id.* Defendant further argues that any alleged improvement in the terms of the Order

9  were not due to counsel's advocacy, and therefore the hours spent on the Reply brief were not

10  reasonably expended. The Court disagrees.

11        First, the Court notes that Defendant mischaracterizes the record. Defendant was never

12  required to file a "Motion for Remand," and in fact did not. Rather, Defendant filed a Response

13  to Plaintiff's Opening Brief (an action it would have been required to take in any typical matter

14  of this nature), to which Plaintiff filed a Reply. *See* Dkts. #10, #11 and #16. Moreover, it is not

15  possible to tell on this record whether the Response brief was filed prior to or after any settlement

16  efforts were unsuccessful. The Response in this matter was due by 9/18/2017, and it was filed

17  on 9/13/2017. Dkts. #10 and #12. The Response brief makes no mention of any settlement

18  discussions, nor does it highlight any dispute as to the terms of remand. *See* Dkt. #12. Instead,

19  it simply responds to Plaintiff's arguments in her opening brief. Likewise, in response to the

20  instant motion, Defendant has failed to file any Declaration as to the timing of any settlement

21  discussions.

22        Further, Defendant points to no case law or other legal authority requiring Plaintiff to

23  accept a settlement agreement or waive his or her rights to collecting fees for drafting briefing

24

1  on issues raised in a Complaint and on which the parties cannot agree. Such a requirement would

2  be absurd. In this case, it is apparent that Plaintiff believed remand with a payment of benefits

3  rather than further administrative proceeding was supported by the law, and Defendant has not

4  demonstrated that taking such a position was unreasonable. Just because Plaintiff declined the

5  terms of settlement, including a remand for further administrative proceedings, does not make

6  her position unreasonable. Such position should not be a surprise to Defendant and the very

7  purpose of this action is to seek an award of benefits. Moreover, simply because Plaintiff was

8  ultimately unsuccessful on that argument does not make her position entirely meritless.

9  Accordingly, for all of these reasons, the Court agrees with Plaintiff that her request for

10  fees in the amount of $2,978.44 is reasonable and appropriate.

## IV. CONCLUSION

12  Having reviewed Plaintiff's motion and the opposition thereto, along with the remainder

13  of the record, the Court hereby finds and ORDERS:

14  1. Plaintiff's Motion for Attorney's Fees (Dkt. #20) is GRANTED. Plaintiff shall be

15  awarded attorney's fees in the amount of $2,978.44.

16  2. Plaintiff's award is subject to any offset allowed pursuant to the Department of

17  Treasury's Offset Program. If it is determined that Plaintiff's EAJA fees are not

18  subject to any offset, the check for EAJA fees shall be made payable to Plaintiff's

19  counsel as follows: Kevin Kerr, P.O. Box 14490, Portland, OR 97293. If it is

20  determined that Plaintiff's award is subject to offset, the check for any remaining

21  funds shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the

22  address stated above.

23

24

DATED this 14th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE